

Shauna DeLuca, Esq.
450 Seventh Ave, Suite 1408
New York, New York 10123
T. 212.643.6677
F. 347.491.4048
E. sdeluca@hasbanilight.com

Admitted to Practice in NY, NJ, FL

July 10, 2024

**VIA CM/ECF**
Honorable Judge Frederic Block
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      **RE:**     *Windward Bora, LLC v. Divya Jain, et al.*
                 Case No.: 18-cv-01844-FB-RML
                 **Letter Motion to File Electronically Under Seal**

Dear Judge Block:

      We represent the Plaintiff, Windward Bora, LLC ("Plaintiff") in the above-referenced matter. Please accept this letter in lieu of a formal motion to file the Plaintiff's Exhibits to the Declaration in Support of its Letter Brief Regarding Jurisdiction Under Seal (the "Motion to Seal")

      As Your Honor is aware, the Plaintiff and defendant, PCN LLC's ("Defendant") counsel appeared before the Court for a conference on June 21, 2024 (the "Conference"). At the Conference, the question of whether the Court maintains subject matter jurisdiction over this action was raised (specifically, as it pertains to diversity jurisdiction). The parties subsequently submitted a proposed briefing schedule, and Plaintiff's initial brief is due on July 19, 2024.

      Plaintiff's brief is draft and prepared for filing. However, in support of its brief Plaintiff seeks to submit the Declaration of Yonel Devico (the "Devico Decl.") together with four (4) highly confidential exhibits (the "Exhibits"). A copy of the Devico Decl., and Exhibits are annexed to hereto as **Exhibit "1"**. For the reasons set forth herein, Plaintiff respectfully requests that the Exhibits be filed under seal[1].

      The Second Circuit has held that "[n]otwithstanding the presumption of access under both the common law and the First Amendment, documents may be kept under seal if "countervailing factors" in the common law framework or "higher values" in the First Amendment framework so demand." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006). Sealing of documents may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim."

---

[1] The Exhibits attached to the Devico Declaration are in redacted form. Although the undersigned called the ECF Help Desk and was advised that this Motion to Seal would also be sealed from the record, in a complete abundance of caution the documents are being submitted in redacted form. Should Your Honor require an unredacted copy of the Exhibits for any reason, Plaintiff will provide same.

*Matter of New York Times Co*., 828 F.2d 110, 116 (2d Cir. 1987).

   Here, the Exhibits contain highly personal and confidential information which cannot be preserved by redaction alone. Specifically, the documents include pictures of Mr. Devico, his address, his citizenship status, his date of birth, passport numbers, marital status, and registration numbers. As the member of a creditor lending company, Devico is in a vulnerable position if this confidential personal information surrounding his life and identity are available to the public. Human beings are highly emotional creatures, and being in the business of real estate and foreclosure subjects Devico to a real possibility of danger if this information is disclosed. Additionally, Plaintiff's request to seal the Exhibits is narrowly tailored to achieve its aim in that the Devico Decl., itself will not be filed under seal (only the Exhibits).

   Accordingly, Plaintiff respectfully requests permission from the Court to electronically file the Exhibits to the Devico Decl., under seal to avoid the disclosure of highly personal and confidential information. We appreciate the Court's time and consideration to this matter.

                     Respectfully,
                     */s/ Shauna DeLuca*
                     Shauna DeLuca, Esq.
                     *Counsel for Plaintiff*