

Shauna M. DeLuca, Esq.
450 Seventh Ave, Suite 1408
New York, New York 10123
T. 212.643.6677
F. 347.491.4048
E. sdeluca@hasbanilight.com

Admitted to Practice in NY, NJ, FL

July 11, 2024

**VIA CM/ECF**
Honorable Judge Frederic Block
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> RE:  ***Windward Bora, LLC v. Divya Jain, et al.***
> **Case No.: 18-cv-01844-FB-RML**

Dear Judge Block:

We represent the Plaintiff, Windward Bora, LLC ("Plaintiff") in the above-referenced matter. Please accept this letter brief in support of Plaintiff's position that this Court maintains subject matter jurisdiction over this matter by way of complete diversity pursuant to 28 U.S.C. § 1332(a).

## I.    COMPLETE DIVERSITY EXISTS

Where jurisdiction is premised on diversity of citizenship, diversity must exist at the time the action is commenced. *Universal Licensing Corp. v. Paola del Lungo S.p.A.*, 293 F.3d 579 (2d Cir.2002). In order to show complete diversity, the party asserting jurisdiction must show "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 62 (1996).

### A.  *Windward Bora, LLC's Citizenship at the Time of Filing*

To determine diversity jurisdiction, limited liability companies "take the citizenship of each of [their] members." *Bayerische Landesbank, N.Y. Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42 (2d Cir. 2012). For purposes of determining an individual's citizenship within the meaning of the diversity statute, "domicile" is the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning. *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38 (2d Cir. 2000). 'Domicile' is not necessarily synonymous with 'residence,' and one can reside in one place but be domiciled in another." *Suedrohrbau Saudi Co. v. Bazzi*, No. 19-CV-5130(EK)(LB), 2021 WL 4065523 (E.D.N.Y. Sept. 7, 2021), *aff'd*, No. 21-2307-CV, 2023 WL 1807717 (2d Cir. 2023).

Section 1332(a) provides that "for the purposes of this section ... an alien admitted to the United States for **permanent residence** shall be deemed a citizen of the State in which such alien

is domiciled." *Kato v. Cnty. of Westchester*, 927 F. Supp. 714 (S.D.N.Y. 1996). In construing "alien admitted to the United States for permanent residence", courts have "looked to the immigration laws, and in particular to the definition of the similar language "lawfully admitted for permanent residence" set forth at 8 U.S.C. § 1101(a)(20), for guidance in determining whether an alien is admitted for permanent residence." *Id.,* at 716, citing to *Miller v. Thermarite Pty. Ltd.*, 793 F.Supp. 306, 308 (S.D.Ala.1992).

Therefore, aliens who have been accorded lawful permanent resident status under the immigration laws are considered aliens "admitted for permanent residence," while aliens admitted to the United States on **temporary nonimmigrant visas are not**. *See, Chan v. Mui*, 1993 WL 427114, at *1 (S.D.N.Y. Oct. 20, 1993) (plaintiff was citizen of Hong Kong for diversity purposes although he lived in Oklahoma and his application for permanent resident status was pending when suit was filed); *Miller*, 793 F.Supp. at 306–08 (defendant present in United States on nonimmigrant temporary worker visa was citizen of Australia and Great Britain for diversity purposes); *Kristensen v. Dampierre*, 1990 WL 103957, at *1–*2 (S.D.N.Y. July 19, 1990) (defendant admitted to United States on E–2 nonimmigrant temporary visa was citizen of France for diversity purposes). "It is clear that **§ 1332(a) affects only the status of those aliens with "green cards"— admitted to the United States for permanent residence**. **Thus, aliens present in this country on any lesser status will still be considered aliens, able to invoke alienage jurisdiction against a citizen of a state**....". *Kato*, 927 F. Supp. at 716.

Here, Plaintiff is a limited liability company who filed this Complaint on March 27, 2018. *See,* Complaint at ECF Dkt. No. 1. Pursuant to the Complaint, at the time this action was commenced, Plaintiff's sole member was Yonel Devico ("Devico") who was a citizen of Morocco. *See*, Complaint, ¶3; *see also,* Declaration of Yonel Devico (the "Devico Decl."), ¶6 and **Exhibit A**. When this action was commenced, although lawfully residing in Florida, Devico was only admitted to the United States on a *temporary visa* and thus, was only admitted as a *nonpermanent resident* in the United States. *See*, Devico Decl., ¶7 and **Exhibit B**.

Roughly ten (10) months after this action was commenced, Devico received his Green Card. *Id*., ¶9 and **Exhibit C**. Thus, Devico did not secure *permanent* resident status until after this action was filed and he received his Green Card on January 17, 2019. *Id*. Subsequently, on July 20, 2022, Devico was admitted to the United States as a permanent citizen. *Id*., ¶10 and **Exhibit D**.

Based upon the foregoing, at the time this action was commenced, Devico was a citizen of Morocco because he was only admitted to the United States on a status lesser than green card admittance (his visa) and did not secure his permanent residence status until ten months after this action was commenced.

### B. Divya Jain's Citizenship at the Time of Filing

For purposes of determining an individual's citizenship within the meaning of the diversity statute, "domicile" is the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning. *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38 (2d Cir. 2000). 'Domicile' is not necessarily synonymous with 'residence,' and

one can reside in one place but be domiciled in another." *Suedrohrbau Saudi Co. v. Bazzi*, No. 19-CV-5130(EK)(LB), 2021 WL 4065523 (E.D.N.Y. Sept. 7, 2021), *aff'd*, No. 21-2307-CV, 2023 WL 1807717 (2d Cir. 2023).

At the time this action was commenced, Plaintiff's Complaint reflects that defendant Divya Jain ("Jain") was a resident and citizen of New York. *See*, Complaint ¶4. Pursuant to the affidavit of service, Jain was served with the Summons and Complaint in this action in Tampa, Florida. *See*, ECF Dkt. No. 9. However, because the Deed related to the property which is the subject of this foreclosure action continues to reflect Jain as the title owner of the property, it is unclear whether Jain was domiciled in New York or Florida for purposes of diversity. Specifically, it is unclear whether Jain planned to return to New York in the future. However, it is undisputed that Jain was either a citizen of Florida or New York on the date this action was commenced.

### C. Federal National Mortgage Association's Citizenship at the Time of Filing

For the purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State ... by which it has been incorporated and of the State ... where it has its principal place of business." *Tamm v. Cincinnati Ins. Co.*, 858 F. App'x 412, 414 (2d Cir. 2021). Pursuant to 12 U.S.C. § 1717(a)(2)(B), Federal National Mortgage Association "shall maintain its principal office in the District of Columbia or the metropolitan area thereof and shall be deemed, for purpose of jurisdiction and venue in civil actions, to be a District of Columbia corporation." *See,* 12 U.S.C. § 1717(a)(2)(B).

At the time this action was commenced, the Complaint reflects that defendant Federal National Mortgage Association (hereinafter "FNMA"), PCN, LLC[1]'s predecessor, was a citizen of Texas. *See*, Complaint ¶5. However, pursuant to the above statute, FNMA is deemed a citizen of the District of Columbia. *See,* 12 U.S.C. § 1717(a)(2)(B). Thus, at the time this action was commenced, FNMA was a citizen of the District of Columbia.

## II.     THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00

In addition to complete diversity, 28 U.S.C. § 1332(a) requires the amount in controversy to exceed $75,000. *Kimm v. KCC Trading, Inc*., 449 F. App'x 85 (2d Cir. 2012). "A plaintiff invoking federal jurisdiction must demonstrate a 'reasonable probability' that the amount-in-controversy requirement is satisfied." *Pyskaty v. Wide World of Cars, LLC*, 856 F.3d 216, 223 (2d Cir. 2017) (quotation marks and citation omitted). The Second Circuit "recognizes a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." *Id*.

Here, the Complaint reflects that, as of November 3, 2017, the total amount due under Plaintiff's Note amounts to $176,442.93. *See,* Complaint ¶20(a). As the face of Plaintiff's Complaint constitutes a good faith representation of the amount in controversy, there is a rebuttable presumption that the amount at issue exceeds the $75,000.00 requirement under 28 U.S.C. §

---

[1] PCN, LLC was not transferred its mortgaged interest in the subject property until Plaintiff commenced this action.

1332(a). At this time, no party has disputed that the amount owed to Plaintiff exceeds the $75,000.00 requirement.

### III.     CONCLUSION

Based upon the foregoing, for purposes of determining diversity jurisdiction, at the time this action was commenced, the Plaintiff was a citizen of Morocco and the Defendants were citizens of the District of Columbia and Florida or New York. As the Plaintiff was not a citizen of any State of the Defendants at the time this action was commenced, complete diversity was present at that time. Additionally, Plaintiff's Complaint reflects that the amount in controversy exceeds $75,000.00 and constitutes a good faith representation of the amount owed. For these reasons, Plaintiff respectfully submits that this Court maintains subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

Respectfully,
*/s/ Shauna M. DeLuca*
Shauna M. DeLuca, Esq.
*Counsel for Plaintiff*