UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------x
WINDWARD BORA LLC,

                  Plaintiff,

    -against-

DIVYA JAIN, PCN LLC,

                  Defendants.

-----------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 18-CV-1844-FB-RML

*Appearances:*
*For the Plaintiff:*
SHAUNA M. DELUCA
Hasbani & Light, P.C.
450 Seventh Avenue, Suite 1408
New York, New York 10123

*For Defendant PCN LLC:*
EDWARD R. FINKELSTEIN
Finkelstein Filler, LLP
1610 Richmond Road
Staten Island, New York 10304

**BLOCK, Senior District Judge:**

The Court's jurisdiction over this foreclosure action is premised solely on 28 U.S.C. § 1332(a)(2), which confers jurisdiction over civil actions involving more than $75,000 between "citizens of a State and citizens or subjects of a foreign state."   In response to an assertion by Defendant PCN LLC ("PCN") that "there appears to be a lack of complete diversity warranting dismissal," Letter from Edward R. Finkelstein (May 24, 2024) at 3, the Court directed the parties to submit letter briefs on that issue.

# I

Plaintiff, Windward Bora LLC ("Windward"), seeks to foreclose a mortgage

on property in Staten Island.    On March 27, 2018, it filed a complaint against

Divya Jain, the mortgagee, and the Federal National Mortgage Association

("Fannie Mae"), which held another mortgage on the same property.    The

complaint alleges that Windward is a limited liability company "whose sole

member, Yonel Devico, is a citizen of Morocco . . . lawfully admitted for

nonpermanent residence in the United States and . . . residing in the State of

Florida," Compl. ¶ 3; that Jain is a "resident and citizen of the State of New York,"

*id.* ¶ 4; and that Fannie Mae "is a citizen of the State of Texas," *id.* ¶ 5.

Jain defaulted.    Although Fannie Mae had assigned its mortgage to PCN

shortly after the complaint was filed, it nevertheless filed an answer denying

Windward's jurisdictional allegations (among others).    PCN was eventually

substituted for Fannie Mae as a defendant.

The case was then effectively stayed for almost four years, first to await

resolution of a state-court action bearing on the status of Windward's mortgage

and then, when the state-court action was resolved in Windward's favor, to allow

the parties to pursue mediation.    After mediation proved unsuccessful, discovery

resumed and was completed on March 11, 2024.    Both Windward and PCN then

moved forward with anticipated motions for summary judgment as to the priority

of their respective mortgages.    As noted, PCN's premotion letter also raised a

2

question of subject-matter jurisdiction.    In particular, it argued that Devico's

Florida residence, coupled with "evidence that the Jains have been Florida

residents since at least 2012," defeated complete diversity.    Letter from Edward

R. Finkelstein (May 24, 2024) at 3.

In response, Windward submitted a declaration from Devico attesting that,

on March 27, 2018, he was the sole member of Windward and a citizen of

Morocco.    In support of his citizenship claim, Devico submitted copies of (1) a

Moroccan passport issued to him on June 22, 2018; (2) a United States H1B visa

issued to him on October 22, 2015, and valid until September 30, 2018; (3) a

permanent resident card (commonly referred to as a "green card") issued to him on

January 17, 2019; and (4) a certificate of nationalization issued to him on July 20,

2022.    He later submitted a copy of a Moroccan passport issued to him on March

27, 2015, and valid until March 27, 2020.

PCN, in turn, submitted several documents reflecting that Devico was a

Florida *resident* on various dates before and after March 27, 2018.    It also

submitted documents that Jain has been a Florida resident since 2012, including a

2012 change-of-address request, a 2013 bankruptcy petition, and the 2018 affidavit

of service of process on Jain in this case.

## II

"It is well established that the party seeking to invoke jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete." *Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322–23 (2d Cir. 2001) (internal quotation marks and alteration omitted). "If his allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, he must support them by competent proof [and] by a preponderance of the evidence." *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).

In the context of § 1332(a)(2), complete diversity requires that there be only "citizens of a State" on one side of the case, and only "citizens or subjects of a foreign state" on the other. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989) (noting that United States citizens on both sides of the case "destroyed complete diversity under § 1332(a)(2)"). "[D]iversity of citizenship is assessed at the time the action is filed." *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991). "Jurisdiction once acquired is not divested by a subsequent change in the citizenship of the parties." *Id.* (quoting, with alteration, *Wichita R. & Light Co. v. Pub. Utilities Comm'n of the State of Kan.*, 260 U.S. 48, 54 (1922)). Nor is it defeated "by the addition [by substitution] of a nondiverse

4

party." *Id.*

Thus, although PCN raised the jurisdictional question, its citizenship is irrelevant to the answer. Instead, Windward must prove, by a preponderance of the evidence, the citizenship of the parties when the action was filed: Fannie Mae, Jain, and Windward itself.

As to Fannie Mae's citizenship, Windward's burden is easily satisfied. "For diversity purposes, a corporation is considered a citizen of the state in which it is incorporated and the state of its principal place of business." *Bayerische Landesbank, New York Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012) (citing 28 U.S.C. § 1332(c)(1)). By statute, Fannie Mae is a District of Columbia corporation. *See* 12 U.S.C. § 1717(a)(2)(B). The District of Columbia is a "State" for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(e).

Jain's citizenship is only slightly more complicated. "In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States *and* be domiciled within the State." *Newman-Green*, 490 U.S. at 828. "[D]omicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there." *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48

5

(1989).

PCN does not dispute that Jain is a United States citizen.    *See Pittsburgh, C. & St. L.R. Co. v. Ramsey*, 89 U.S. 322, 327 (1874) ("Consent of parties cannot give the courts of the United States jurisdiction, but the parties may admit the existence of facts which show jurisdiction[.]").    PCN and Windward disagree as to whether Jain's domicile is New York or Florida, but the evidence they have submitted in support of their respective positions establishes that she is a domiciliary of "*a* State."    28 U.S.C. § 1332(a)(2) (emphasis added); *cf. France v. Thermo Funding Co.*, 989 F. Supp. 2d 287, 293 (S.D.N.Y. 2013) (noting that United States citizens domiciled abroad "destroy diversity jurisdiction in any case to which they are a party").

At first blush, Windward's citizenship is as straightforward as Fannie Mae's and Jain's.    For purposes of diversity jurisdiction, a limited liability company "takes the citizenship of each of its members."    *Bayerische Landesbank*, 692 F.3d at 49.    Windward has submitted evidence that Devico was Windward's sole member and a citizen of Morocco on March 27, 2018.

PCN has offered no relevant evidence to the contrary.    It objects that Devico's claim of 100% ownership is conclusory and self-serving.    On the contrary, it states a matter of fact and is corroborated by Windward's Operating

6

Agreement, dated January 15, 2018, which was filed in another case raising the same issue.   *See Windward Bora LLC v. Barrie*, Case No. 19-CV-7272-EK-MMH, 2022 WL 4485149, at *3 (E.D.N.Y. Sept. 27, 2022) ("Windward Bora submitted its operating agreement, which shows that Devico has a 100% interest in Windward Bora.").

With respect to Devico's citizenship, PCN has shown, at most, that Devico was a resident of Florida when the complaint was filed.    "Residences matter only if they assist in establishing domicile and citizenship."   *Avant Cap. Partners, LLC v. W108 Dev. LLC*, 387 F. Supp. 3d 320, 321 (S.D.N.Y. 2016).    Even if the Court were to infer from PCN's evidence that Devico was domiciled in Florida (and it likely would), state citizenship requires *both* domicile in the state *and* United States citizenship.   *See Newman-Green*, 490 U.S. at 828.    Foreign nationals live in every state in this country, often with the "intent to remain there."   *Holyfield*, 490 U.S. at 48.    They obviously do not acquire United States citizenship by doing so.

To be sure, Devico's domicile would be very relevant if he were a permanent resident when the complaint was filed.    Section 1332(a)(2) excepts from its jurisdictional grant actions "between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the

United States and are domiciled in the same State."    The Second Circuit recently

held—in another case analyzing Windward's citizenship—that limited liability

companies with permanent resident members are subject to that exception.    *See*

*Windward Bora LLC v. Browne*, 110 F.4th 120, 128 (2d Cir. 2024) ("We see no

reason why an LLC should adopt *only* its permanent resident members' national

citizenships but not their state domiciles when those permanent resident members

themselves are jurisdictionally affected by *both* their national citizenships and their

state domiciles.").

    *Browne*'s specific holding that Windward is subject to the exception does

not govern this case because the complaint in that case was filed on June 19, 2020;

it was undisputed that Devico was a permanent resident at that time.    *See* 110

F.4th at 124.    The relevant date in this case is March 27, 2018.    *Browne* makes it

clear that Windward must establish both that Devico was a citizen of a foreign

state and that he was not a permanent resident of the United States on that date.

    Devico's passports reflect that he was a citizen of Morocco both before and

after Windward's complaint was filed.    His H1B visa reflects that he was a

nonresident immigrant from October 22, 2015, to September 30, 2018.    His green

card reflects that he was not a permanent resident of the United States until January

17, 2019.    His certificate of naturalization reflects that he did not receive United

States citizenship until July 20, 2022.   PCN irrelevantly quibbles that there is no evidence of Devico's status between the expiration of his visa and the issuance of his green card, but the documents are more than sufficient to show that Devico was a citizen of Morocco and not a permanent resident of the United States on March 27, 2018.

PCN dismisses the documents as "incomplete, unauthenticated and inadmissible." Letter from Edward R. Finkelstein (Aug. 30, 2024) at 2.   While it is true that Windward has submitted only the personal information pages of Devico's passports, there is no relevant data missing from those pages.   The other documents are self-evidently complete.

The Court must reluctantly agree, however, that most of the documents have not been properly authenticated.    There is simply no extrinsic evidence to support a finding that they are what they purport to be.   *See* Fed. R. Evid. 901(a). Windward argues that "Devico's Moroccan Passport[s] and Green Card both picture a holographic overlay which is used by customs *to prevent counterfeiting and aid in the authentication of genuine documents.*"    Letter from Shauna M. DeLuca (Sept. 6, 2024) at 2.   The rules for self-authentication, however, require a seal and "a signature purporting to be an execution or attestation signature" for domestic public documents, Fed. R. Evid. 902(1), and a signature or attestation "by

a person who is authorized by a foreign country's law to do so" for foreign public documents, Fed. R. Evid. 902(3).   Devico's passports bear no signature other than his own; his visa and green card bear no signature at all.

The certificate of naturalization, which satisfies both the seal and signature requirements of Rule 902(1), attests that Devico became a United States citizen on June 20, 2022.   Since the United States government is not in the habit of naturalizing people who are already citizens, the Court can further infer that Devico was a not a United States citizen prior to that date.   The certificate does not, however, affirmatively attest that Devico was a citizen of a foreign state or foreclose the possibility that he was a permanent resident prior to his naturalization.

PCN, of course, offers no evidence that Devico's documents are inauthentic. They have been accepted without objection in *Browne* and countless other cases in the Eastern and Southern Districts of New York.   Nevertheless, part of Windward's burden of proving Devico's citizenship is authenticating the evidence on which it has chosen to rely.   For the reasons stated, it has failed to carry that burden.

### III

It would be absurd to dismiss an action over which it is all but certain the Court has subject-matter jurisdiction.   Even PCN does not argue for that result, instead asking the Court to "permit additional limited discovery concerning diversity jurisdiction."   Letter from Edward R. Finkelstein (Aug. 30, 2024) at 4.

This case has been pending for more than seven years.   Even excluding the delays attributable to the state-court action and mediation, PNC has had almost two full years to explore the factual bases for Windward's assertion of diversity jurisdiction.   If the issue were not jurisdictional, the Court would deny the request outright and deem the allegations regarding Windward's citizenship admitted.   As it is, the Court grants the request as follows:

Within 14 days of the date of this memorandum and order, Windward shall produce Devico's passports, visa, and green card for inspection.   If, after inspection, PCN is satisfied that the documents are authentic, the parties shall file a stipulation to that effect.   If not, the matter is referred to Magistrate Judge Levy to promptly (1) supervise additional discovery limited to the issue of the documents' authenticity and (2) issue a report and recommendation as to whether, after such discovery, the documents have been property authenticated.   Because PCN's objection has protracted an issue that is normally resolved between the parties as a

matter of course, the Court asks Magistrate Judge Levy to consider requiring PCN

to bear the costs of the additional discovery pursuant to Federal Rule of Civil

Procedure 23(c)(1)(B).

     **SO ORDERED.**


                                    _/S/ Frederic Block_____
                                    FREDERIC BLOCK
                                    Senior United States District Judge

Brooklyn, New York
May 19, 2025